**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

CREDITORS INSURANCE
PURCHASING GROUP,

Plaintiff-Appellant,

v.

JOHN D. DOAK, Commissioner of
Insurance,

Defendant-Appellee.

No. 13-6189
(D.C. No. 5:12-CV-01046-F)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **PHILLIPS**, **McKAY**, and **ANDERSON**, Circuit Judge.

Creditors' Insurance Purchasing Group (CIPG) appeals from the district

court's order dismissing under Federal Rule of Civil Procedure 12(b)(6) its action

against John D. Doak, Oklahoma Commissioner of Insurance. The sole issue

presented on appeal is whether CIPG stated a plausible claim for declaratory relief

that collateral protection insurance (CPI) is liability insurance under the definition set

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

out in the Liability Risk Retention Act of 1986 (LRRA), 15 U.S.C. §§ 3901-3906. We agree with the district court that CIPG did not state a plausible claim, and we therefore affirm the dismissal.

I.  BACKGROUND

CIPG is a risk purchasing group (RPG) under the LRRA.[1]  The members of CIPG consist of "Buy Here, Pay Here" used car dealers/creditors, who purchase CPI to cover similar exposures.  CPI protects the used car dealers/creditors from loss when their collateral—the car sold—is damaged or destroyed.  *See, e.g., Doe v. Norwest Bank Minn., N.A.*, 107 F.3d 1297, 1300 (8th Cir. 1997) (stating that bank's CPI program included umbrella policy covering bank's interest in collateral and coverage is similar to comprehensive and collision coverage, because coverage is limited to smaller of damage to collateral or balance due on loan).  CIPG purchased CPI for this exposure for its members from a risk retention group (RRG).[2]

CIPG and Mr. Doak informally disputed whether CPI is liability insurance under the LRRA.  They failed to resolve the issue, and CIPG brought suit.  In its second amended complaint, CIPG sought a declaratory judgment that CPI is liability

---

[1]     The LRRA defines a purchasing group as a group of members with similar businesses in terms of the liability to which they are exposed and who purchase liability insurance for the group "to cover their similar or related liability exposure." 15 U.S.C. § 3901(a)(5)(A)-(C).

[2]     The LRRA defines RRG as "any corporation or other limited liability association . . . whose primary activity consists of assuming and spreading all, or any portion, of the liability exposure of its group members."  15 U.S.C. § 3901(a)(4)(A).

insurance under the LRRA.  Mr. Doak moved to dismiss under Rule 12(b)(6), asserting that CIPG did not plead facts showing that CPI covers legal risk for damages to others under the LRRA.  The district court granted the motion, finding that CPI is not liability insurance under the LRRA because CIPG failed to allege facts showing that CPI protects the used car dealers/creditors from "legal liability for damages" to others as the LRRA requires, 15 U.S.C. § 3901(a)(2).

## II.  ANALYSIS

We review de novo a district court's dismissal under Rule 12(b)(6), accepting "as true all well-pleaded factual allegations in the complaint and view[ing] them in the light most favorable to [the non-movant]."  *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (internal quotation marks omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Also, "[w]e review the district court's interpretation of a federal statute de novo."  *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 710 (10th Cir. 2006) (internal quotation marks omitted).

In deciding whether the district court correctly determined that CIPG failed to state a plausible claim that CPI meets the definition of liability insurance under the LRRA, we first look to the statutory language.  *See Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1267 (10th Cir. 2003) ("When interpreting the language of

a statute, the starting point is always the language of the statute itself." (internal quotation marks omitted)). "If the language is clear and unambiguous, the plain meaning of the statute controls." *Id*. (internal quotation marks omitted).

The LRRA defines "liability" in relevant part as "legal liability for damages . . . because of injuries to other persons, damage to their property, or other damage or loss to such other persons resulting from or arising out of . . . any business . . . , trade, product, services . . . , premises, or operations." 15 U.S.C. § 3901(a)(2)(A)(i). Under the Act, "liability" expressly "does not include personal risk liability and an employer's liability with respect to its employees other than legal liability under the Federal Employers' Liability Act." *Id*. § 3901(a)(2)(B).

Like the district court, we conclude that this statutory language clearly requires that the insured be liable for damages to another person due to damage to that person's property. CIPG has no liability to another for damages. Instead, CPI is a first-party liability policy, where the dealers/creditors make claims with their own insurance company for damages to the buyer/debtor's property, which serves as collateral for the dealers/creditors. CPI only insures the dealers/creditors for their losses.

CIPG agrees that CPI "was designed to protect a creditor, in this case, a used car dealer/creditor, from any loss it might suffer when the property of another, in this case a car buyer, was damaged or destroyed either by the buyer or some third party." Aplt. Opening Br. at 10. But it contends that the LRRA does not require liability to

- 4 -

another; rather, it only requires that the liability arise out of the damage to the property of another, without a third-party requirement. In other words, CIPG believes that "payment under a CPI policy is triggered by damage to the property of the buyer, ie [sic] 'another' under the LRRA." Aplt. Br. at 17. CIPG, however, misreads the statutory requirement for "legal liability for damages . . . because of . . . damage to [another person's] property." 15 U.S.C. § 3901(a)(2)(A)(i). CPI protects the dealers/creditors from their own losses. At no time does CPI require them to pay damages to anyone. And the fact that CPI is not expressly listed as an exclusion under the LRRA does not change the clear requirement under the LRRA of liability for damages.

Accordingly, we agree with the district court that CIPG has not asserted sufficient facts to state a plausible claim that CPI fits within the definition of liability insurance set forth in the LRRA. We therefore affirm the Rule 12(b)(6) dismissal.

III. CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

- 5 -